ALBANY,<br>Jan. 1813.<br>MINTURN<br>v.<br>COL. INS. CO,

Judgment for the plaintiff.

— ⊕ —

## MINTURN AND CHAMPLIN *against* THE COLUMBIAN INSURANCE COMPANY.

THIS was an action on a policy of insurance on part of the cargo of the ship *Alonzo*, on a voyage from *New-York* to *Tonningen.* The policy was dated the 20th of *October*, 1808, and was expressed to be "on coffee valued at 25 cents per pound." The defendants subscribed 40,000 dollars, at a premium of 2 1-2 *per cent.;* two *per cent.* to be returned in case of loss. The policy contained the usual clause as to *prior insurance.*

The ship was wrecked upon the coast of *Holland*, in *October*, 1809, and totally lost, with the cargo, excepting a small quantity of pepper and coffee saved from the wreck, and sold for the benefit of the insurers, the net proceeds of which, amounting to 8,728 dollars and 88 cents, were remitted to the plaintiffs. The proceeds of the *coffee* saved, amounted to 3,628 dollars.

A prior *open* policy of insurance had been effected, in *England*, upon the cargo generally, to the amount of 35,000*l.* sterling, equal to 155,555 dollars, at a premium of $13 35 *per cent.*

Goods were insured from New-York to Tonningen, and the insurance was expressed to be on "coffee, valued at 25 cents per pound," and there was the usual clause, as to prior insurance. A prior open policy of insurance had been effected in London, on the cargo of the same ship, generally, consisting of coffee, pepper, sugar and wood. The vessel was wrecked on

the coast of *Holland*, and totally lost, with her cargo, a small part only being saved.

In an action on the *second* policy, it was *held*, that that part of the cargo, being *pepper*, &c. not insured by the second policy, estimated at the first cost without deducting the drawback, was to be deducted from the sum insured on the *first* policy, including the premium; and the residue was to be applied to the *coffee*, at its *prime cost* and charges, including the drawback; and the coffee remaining uncovered by the first policy, estimated at 25 cents per pound, and adding the difference between the first cost and the valuation, on the quantity covered by the first policy, together with the premium of insurance, on the second policy, constituted the amount of *interest*, to be covered by the second policy.

In calculating the amount of loss on the cargo, on an open policy of insurance, the goods are to be estimated at prime cost and charges, without deducting the *drawback*.

The cargo of the *Alonzo*, at the time of the loss, consisted of 607,323 pounds of coffee, the *first cost* of which was 23 1-2 cents per pound, amounting to 142,720 dollars, and at 25 cents per pound, to 151,830 dollars; 67,222 pounds pepper, which cost (including the drawback) 20 cents per pound; 698 cwt. of sugar at 8 dollars, including the drawback, and 3 tons of *Saffron* wood, at 100 dollars per ton.

The only question related to the adjustment of the loss, or the ascertaining what interest remained, after satisfying the first policy, to support the second insurance by the defendants.

The plaintiffs contended that the unvalued articles, at prime cost and charges, including the drawback, together with the premium on the first or *London* policy, were first to be applied to that policy; and that the residue of the sum insured by that policy attached to the *coffee*, at prime cost and charges; that the coffee remaining uncovered by the first policy, valued at 25 cents per pound, together with the difference between 23 1-2 cents and 25 cents, on the amount of the coffee, insured by the *London* policy, formed the interest for the second policy, together with the premium of insurance on such interest: and on those principles, they presented to the court the following statement:

| | | |
|---|---:|---:|
| Amount insured by the first, or *London* policy, 35,000*l.* sterling, is | | $155,555 .00 |
| Deduct the premium at $13 35 | | 20,766 59 |
| | | |
| Amount of cargo covered by first policy is | | 134,788 41 |
| Pepper at 20 cents per lb. is | $13,444 40 | |
| Sugar at $8 per cwt. | 5,584 94 | |
| Wood | 300 00 | |
| | | |
| Amount of unvalued articles | | 19,329 07 |
| | | |
| Leaves to be applied to the coffee | | $115,458 07 |

Which, at 23 1-2 cents per pound, will cover, lbs.491,314, which, deducted from the whole quantity of coffee, leaves lbs.116,009

for the second policy which, at 25 cents, is     $29,002 25

1 1-2 cent per lb. difference between prime cost and valuation, on 491,314 lbs. is     7,369 71

    36,371 96

*Premium* on the second policy, *covered*, is     6,168 34

    42,540 30

Defendants' proportion of the net amount of coffee saved, $3,862, is     896 12

    41,671 20

Amount of policy     $40,000
Deduct 2 *per cent.*     800

Amount of total loss     $9,200 with interest
from the 9th of *December*, 1809.

The defendants contended that the prime cost of the whole cargo, excepting the coffee, was first to be ascertained; and that amount being deducted from the sum subscribed to the first policy, would leave 133,582 dollars to be deducted from the amount of the whole coffee, valued at 25 cents, which would leave 18,582 dollars, as the whole amount of interest to be applied to the second policy. And the result, after allowing for a return for short interest, and deducting the usual 2 *per cent.* and salvage of coffee, would leave a loss of 20,345 dollars; and they presented the following statement, which included the *drawbacks*, which, however, they insisted ought to be deducted:

Pepper at 20 cents,     $13,444
Sugar at $8     5,585
Wood     300

    $19,329 00

Add premium at $13 35 *per cent.*     2,978 00

    22,307 00

Amount insured in *London,*     155,555
Deduct     22,307

Leaves of valued articles     133,248

ALBANY,
Jan. 1813.

MINTURN
v.
COL. INS. CO.

| | |
|---|---|
| Whole cost of coffee at 25 cents | $151,830 00 |
| Deduct, covered by first policy, | 133,248 00 |
| | |
| Leaves interest for the second policy | 18,582 00 |
| Proportion of salvage is | 444 00 |
| | |
| Loss on second policy | 18,138 00 |
| Deduct 2 per cent. | 362 76 |
| | |
| | 17,775 24 |
| Short interest 21,418 at 12 1-2 per cent. | 2,570 16 |
| | |
| Loss and return, on second policy | 20,345 40 |

By a second statement, in which the *drawback* was deducted, the loss and return on the second policy were estimated by the defendants, at 14,766 dollars and 74 cents; and by a third statement, which, they contended, was according to the principles laid down in the case of *M'Kim* v. *The Phœnix Insurance Company,* they made the whole cargo covered by the first policy, so as to leave no interest for the second policy.

*Hoffman* and *T. A. Emmet,* for the plaintiffs. They cited 1 *Johns. Cas.* 110. 8 *Johns. Rep.* 229. *Marsh. Ins.* 287. 622.

*C. I. Bogert* and *S. Jones,* jun. contra. They cited *Wesk. on Ins.* 7. 27. *Mill. on Ins.* 132.

*Per Curiam.* The adjustment is to be made upon the principles contended for by the plaintiffs. The *London* policy being open, will, of course, take the cargo insured, at the prime cost, and that part of the cargo untouched by the second policy is first to be satisfied for the reasons assigned in the case of *Kane* v. *The Columbian Insurance Company.* (8 *Johns. Rep.* 229.) The drawback is not to be taken into consideration, in settling the first policy; and so was the rule of adjustment declared in *Gahn* v. *Mumford & Broome.* (1 *Johns. Cases,* 120.) The premium upon the *London* policy is also to be included, for that is one of the charges. (*Marsh. on Ins.* 622.) After the part of the cargo uncovered by the second policy, and liquidated upon these principles, is first satisfied, then the residue of the amount insured by the first policy will attach upon the coffee, and under tha

policy, it will, of course, attach upon it, at its prime cost and charges. The first policy being thus satisfied, we come to see what interest in the coffee remains to be covered by the second policy, and in making that estimate, the *whole* of the coffee on board is to be calculated at the valuation, because the parties have agreed upon that valuation, *in reference to this policy.* This was the language of the court, and this was the mode of adjustment in the case before mentioned. In that case, the first policy completely exhausted the plaintiff's interest on board, computing the goat skins at prime cost. But the second policy said, that *quoad that* policy, they were *not* to be so computed, but to be reckoned at 50 cents a piece, and, consequently, there remained, as *aliment* for the second policy, an interest of 40 cents in each skin. In the same way must the loss be adjusted in this case; and this will be according to the statement on the part of the plaintiffs, contained in the case.